IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States of America

      v.                                           Case No. 1:24-CR-572-TNM

Gerald Evans

## Defense Counsel's Motion for Competency Evaluation and Hearing

Mr. Evans is before the court currently charged with being a felon in possession of a firearm. However, it appears that Mr. Evans is being investigated, either locally or federally, for failing to register as a under the Sex Offender Registration and Notification Act; additionally, Mr. Evans has an outstanding pending case in Maryland in which there is currently a bench warrant for his arrest for failing to appear at a hearing. Mr. Evans has unequivocally expressed to undersigned counsel that he desires to represent himself. He made his request known at his initial appearance before Judge Faruqui, and given the government's motion for detention, the court elected to conduct a *Faretta* hearing at Mr. Evans's next scheduled court appearance. *See Faretta v. California*, 422 U.S. 806 (1975).

Counsel has a bona fide doubt that Mr. Evans may not be competent to proceed to trial or to represent himself. Several of Mr. Evans's statements to counsel have been nonsensical or demonstrate that he may have beliefs that interfere with his ability to rationally understand the facts surrounding his charges and the proceedings against him. For example, Mr. Evans does not seem to have an understanding of pretrial detention or to appreciate the legality of his current detention. Counsel his happy to proffer additional facts to the court *ex parte*, as they occurred during privileged attorney/client communications. Additionally, revealing them to the government may further diminish what little relationship counsel has with Mr. Evans—a product of, in counsel's estimation,

Mr. Evans's potential mental health conditions. In any event, Mr. Evans's conduct during his arrest and his statements to officers should provide sufficient facts to warrant a hearing on his competency: he refused to provide his name to officers, repeatedly said that his name was "Big Woobie G"; failed to understand officers' requests that he provide his address (several times, in response to questions about where he lived, Mr. Evans stated that he is an "outside" masseuse and that he travels to wherever people need him to go); failed to understand the difference between his chosen name and his birth name; elected to be arrested rather than obtaining a civil summons; claimed that his role as a masseuse somehow gave him a position of responsibility to investigate police officers and lawyers; and made several other nonsensical statements.

Defense counsel has an obligation to move for a competency evaluation when "there are sufficient indicia of incompetence to give objectively a reasonable counsel reason to doubt the defendant's competency . . . ." *See Stanley v. Cullen*, 633 F.3d 852,, 862 (9th Cir. 2011) (*quoting Jermyn v. Horn*, 266 F.3d 257, 283 (3d Cir. 2001)). Counsel for Mr. Evans asks the court, pursuant to 18 U.S.C. § 4241 to schedule a hearing to determine Mr. Evans's competence to stand trial. Counsel notes that Mr. Evans does not join counsel's request. However, at least one court has held that "[t]he fact that counsel and her client different on the central issue of deefndant's competency does not raise an actual conflict requiring the appointment of a second attorney." *See People v. Jernigan*, 110 Cal. App. 4th 131, 135 (CA 2003). That court further held "[t]o permit a prima facie incompetent defendant to veto counsel's decision to argue that the client is incompetent would increase the danger that the defendant would be subjected to criminal proceedings when he or she is unable to assist counsel in a rational manner." *Id.* At 135 – 36.

Counsel for Mr. Evans respectfully requests that the court order the production of a psychiatric or psychological examination, that a report of such evaluation be filed with the court, and schedule a hearing on Mr. Evans competency pursuant to 18 U.S.C. § 4241.

Respectfully submitted,

/s/ Benjamin Schiffelbein

625 Indiana Ave NW, Ste 550
Washington, DC 20004
Benjamin_Schiffelbein@fd.org
202 208 7500, Ext. 5111